IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ROBERT PAYNE, SR., | ) | |
| Petitioner, | ) | Civil Action No. 14-119 Erie |
| | ) | |
| v. | ) | District Judge J. Frederick Motz |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SCI-SUPERINTENDENT TRITT, et al., | ) | |
| Respondents. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [ECF No. 13] be granted and that the petition for a writ of habeas corpus be dismissed with prejudice because Petitioner's claims are untimely. It is further recommended that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

On January 18, 2007, a jury found Petitioner, John Robert Payne, Sr., guilty of aggravated indecent assault, indecent assault, corruption of minors, and endangering the welfare of children. The charges stemmed from Petitioner's molestation of his daughter's friend when she was between the ages of 9 and 16. Petitioner "in a videotaped police interview, admitted to putting his hands down the victim's pants, touching her clitoris, fondling her vagina, and touching her bare breasts." (CP Dkt. No. 42, Commonwealth v. Payne, No. 107 WDA 2008, slip op. at 2 (Pa.Super. Oct. 16, 2008)). On May 7, 2007, the trial court sentenced Petitioner to a term of 5-10 years' imprisonment for aggravated indecent assault, with a consecutive sentence of 9-24 months' imprisonment for corruption of minors, to be followed by a period of 5 years' probation for endangering the welfare of children.

1

On October 16, 2008, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (CP Dkt. No. 42, Payne, No. 107 WDA 2008, slip op. at 3-12). Petitioner did not file a petition for allowance of appeal ("PAA") with the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around November 17, 2008, upon expiration of the time to file a PAA. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around November 5, 2008, (before his judgment of sentence had become final) Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq.* (CP Dkt. No. 40). The court appointed William J. Hathaway, Esquire, to represent him. Attorney Hathaway subsequently filed a "no merit" letter and a request to withdraw as counsel. (CP Dkt. No. 44). The court granted Hathaway's request to withdraw. It also issued a Notice of Intent to Dismiss the PCRA petition. (CP Dkt. No. 43). On February 2, 2009, the court dismissed the PCRA petition for lack of merit. (CP Dkt. Nos. 43, 46). Petitioner did not file an appeal with the Superior Court. Accordingly, Petitioner's first PCRA proceeding concluded on or around March 4, 2009, upon expiration of the 30-day time period in which to file an appeal.

More than a year later, on March 9, 2010, Petitioner sent a letter to the trial court in which he stated that he was in immediate need of legal assistance because he is innocent. (CP Dkt. No. 47). The court appointed Nicole Sloane, Esquire, with the Public Defender's Office of Erie County, "to represent the [Petitioner] and take whatever action is deemed appropriate in its professional opinion." (CP Dkt. No. 48). On March 3, 2011, Attorney Sloane wrote a letter to the trial court in which she stated:

> I have reviewed [Petitioner's] casefile. I spoke with [Petitioner], [his] trial attorney Kevin Kallenbach and other individuals as suggested by [Petitioner]….
> [Petitioner] has no basis whatsoever for relief….

> - - -
> Within his letters addressed to me, [Petitioner] states that his daughter continues to speak with the alleged victim about the allegations through a social networking website. As suggested by [Petitioner], I attempted to contact his daughter and left messages for a return call. My calls were never returned. It is particularly troublesome that after the grief that [Petitioner's] family and the victim and her family have been through because of [Petitioner's] actions, he is still attempting to manipulate his young daughter to get to the victim. [Petitioner] should be cautioned that he could face additional criminal charges should he harass the victim either himself or through a third party.

(CP Dkt. No. 53 at 1-2).

On or around November 13, 2012, Petitioner, proceeding *pro se*, filed a second PCRA motion. (CP Dkt. No. 63). The court dismissed the motion (CP Dkt. Nos. 64, 66), and Petitioner filed an appeal with the Superior Court. On December 10, 2013, the Superior Court issued a Memorandum in which it affirmed the decision to deny PCRA relief. The Superior Court held that the PCRA petition "is patently untimely":

> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. See 42 Pa.C.S.A. § 9545(b)(1); see also Commonwealth v. Bretz, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); see also Commonwealth v. Pollard, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, [Petitioner's] judgment of sentence became final on November 17, 2008, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3). Thus, [Petitioner] had one year from that date, or until November 17, 2009, to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b). [Petitioner] did not file the instant petition, his second, until November 13, 2012, nearly three years too late. Accordingly, the PCRA court had no jurisdiction to entertain [Petitioner's] petition unless he pleaded and proved one of the three statutory exceptions to the time bar. See 42 Pa.C.S.A. § 9545(b). He did not do so and, as such, the PCRA court properly dismissed his petition as untimely filed.

(CP Dkt. No. 80, Commonwealth v. Payne, No. 1168 WDA 2013, slip op. at 4-5 (Pa. Super. Dec. 10, 2013) (footnotes omitted)). Petitioner did not file a PAA with the Supreme Court of Pennsylvania.

3

On April 18, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [ECF No. 2]. He raises three grounds for relief, which he explains in more detail in his memorandum of law. [ECF No. 3]. In Ground One, Petitioner contends that his <u>Miranda</u> rights were violated when the police interrogated him "where [he] chose to remain silent and was badgered to answer questions." [Memorandum, ECF No. 3 at 1]. In Ground Two, he contends that the prosecutor engaged in "malicious prosecution" "where prosecutor at trial[ ] only aired excerpts of video-taped interrogation[.]" [<u>Id.</u> at 2]. In Ground Three, Petitioner once again challenges the legality of his videotaped interrogation, claims that his <u>Miranda</u> rights were violated and that his statement should have been suppressed. [<u>Id.</u> at 4-7]. Petitioner contends that he raised each of his grounds for relief in the second PCRA proceeding (which the Superior Court determined was untimely filed). [Petitioner, ECF No. 5-9].

Respondents have filed a motion to dismiss Petitioner's habeas petition because all of his claims are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 13]. Petitioner did not file a Reply.

**B.     Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[1] It also provides that "[t]he time during which a properly filed application

---

[1]     Petitioner does establish that he is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. <u>Id.</u> at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. <u>Id.</u> § 2244(d)(1)(D).

4

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As set forth above, Petitioner's judgment of sentence became final on or around November 17, 2008. His PCRA petition was pending on that date and, therefore, AEDPA's statute of limitations was immediately statutorily tolled pursuant to 28 U.S.C. § 2244(d). Thus, when that proceeding ended, Petitioner would have one year to file a timely habeas petition in federal court.

Petitioner's PCRA proceeding concluded on or around March 4, 2009, when the date expired to appeal the PCRA court's decision denying relief. The next day, AEDPA's limitations period began to run. Accordingly, Petitioner had until on or around March 5, 2010, to file a timely federal habeas petition. He did not file the instant petition until, at the very earliest, April 18, 2014. Accordingly, his habeas claims are untimely by more than four years.[2]

The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard

---

[2] Petitioner's second PCRA petition was filed well after AEDPA's statute of limitations expired, so it could not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, because the Superior Court deemed it to be untimely under state law, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

5

requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The U.S. Court of Appeals for the Third Circuit has explained:

> "[C]ourts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also has not shown that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by more than four years.

### C. Motion for Expansion of the Record

Also pending before the Court is Petitioner's motion for expansion of the record [ECF No. 5] to include the entirety of the videotaped statement that he made to the police. He seeks production of the videotaped statement to show that his Miranda rights were violated and that he made exculpatory statements to the police. Petitioner also seeks production of "all records" between Attorney Sloane and the Court of Common Pleas "for the period of July 2008 to May 2009." [ECF No. 5 at 1]. Petitioner's motion will be denied by separate order following the issuance of this Report and Recommendation. He is not entitled to any of the information that he seeks. None of it is relevant to the issue of whether his habeas claims are timely filed. (As explained above, AEDPA's limitation period ran in this case from on or around March 5, 2009, until March 5, 2010). In addition, "[a] habeas petitioner, unlike the usual civil litigant in federal court, **is not entitled to discovery as a matter of ordinary course**." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (emphasis added). See also Harris v. Nelson, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a

habeas corpus proceeding."). Discovery is authorized in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" Harris, 394 U.S. at 300; see Bracy, 520 U.S. at 908-09. The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991). Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). Petitioner has not met his burden of demonstrating that he is entitled to discovery in this case.

### D. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be dismissed as untimely. Accordingly, a certificate of appealability should be denied.

7

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 13] be granted, that the petition for a writ of habeas corpus be dismissed with prejudice because Petitioner's claims are untimely, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 12, 2014

cc: The Honorable J. Frederick Motz
United States District Judge